**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

GAVIN KEITH CULLENS,

Petitioner,

v. Case No. 13-11835

CINDI CURTIN,

Respondent.
_________________________________/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR ORAL ARGUMENT, MOTION FOR IMMEDIATE CONSIDERATION, AND MOTION FOR EVIDENTIARY HEARING**

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Gavin Keith Cullens challenges his convictions for felonious assault, assault with intent to cause great bodily harm, felon in possession of a firearm, and felony firearm. Before the Court are Petitioner's Motion for Oral Argument, Motion for Immediate Consideration, and Motion for Evidentiary Hearing.

A federal district court can grant oral argument in a habeas case where it would assist in resolving the matters raised in the habeas petition. *See e.g., Haskell v. Berghuis*, 695 F. Supp. 2d 574, 584 (E.D. Mich. 2010). The court finds, at this time, that oral argument is not necessary. If, at a later date, the court determines that oral argument would be beneficial, the court will schedule oral argument without necessity of the filing of an additional motion.

Petitioner seeks immediate consideration of his petition. The court endeavors to adjudicate all matters, including habeas corpus petitions, in as timely a manner as

justice requires and the court's pending caseload allows. The court will address the merits of the petition as expeditiously as possible. Thus, the court will deny the motion as unnecessary.

Finally, Petitioner moves for an evidentiary hearing. Rule 8 of the Rules Governing 2254 Cases in the United States District Courts states, in pertinent part:

> If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.

Having conducted a preliminary review of this case, the court finds that an evidentiary hearing is not required. Respondent has submitted the transcripts and documents relevant to the adjudication of the petition as mandated by Rule 5 of the Rules Governing Section 2254 Cases, and it appears that Petitioner's habeas claims can be decided based upon the existing record before the court. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Moreover, the United States Supreme Court has made clear that federal habeas review under 28 U.S.C. § 2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, — U.S. —, 131 S. Ct. 1388, 1398 (2011). Consequently, Petitioner is precluded from introducing into the habeas proceeding information that was not presented to the state courts. *See, e.g., Hanna v. Ishee*, 694 F.3d 596, 606 (6th Cir. 2012) (stating that even if a court conducted an evidentiary hearing on a claim adjudicated by the state court, it would have to "disregard newly obtained evidence").

Additionally, an evidentiary hearing is not warranted under 28 U.S.C. § 2254(e)(2), which applies to claims not adjudicated on the merits in the state courts.

*Keeling v. Warden*, 673 F.3d 452, 464 (6th Cir. 2012). That provision states:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Petitioner has not shown that any of his claims rely on a new rule of constitutional law or a factual predicate that could not have been previously discovered through the exercise of due diligence. Therefore, an evidentiary hearing is also not warranted under § 2254(e)(2). Accordingly,

IT IS ORDERED that Petitioner's "Motion for Oral Argument," [Dkt. # 4] "Motion for Immediate Consideration," [Dkt. #5] and "Motion for Evidentiary Hearing," [Dkt. # 6] are DENIED.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 12, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 12, 2014, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\13-11835.CULLENS.DenyMtnEvHearing,ImmedConsid,OralArgument.jac.wpd